PER CURIAM.
Florida Farm Bureau Casualty Insurance Company sought and obtained a judgment declaring that the automobile insurance policy it had issued to the Campbells provided no liability coverage for a claim made against them by Mrs. Campbell’s emancipated daughter, who was allegedly injured in an automobile accident caused by Mrs. Campbell’s negligence. The summary final judgment entered for the insurance company concisely sets forth and disposes of the contentions of the parties. The judgment provides in pertinent part:
“That the Court finds the exclusionary language contained in the FLORIDA FARM BUREAU CASUALTY INSURANCE COMPANY policy, specifically Exclusion No. 11c., to be clear and unam *1203 biguous. That Exclusion reads in pertinent part:
“ ‘We do not provide liability coverage for any person ... for bodily injury sustained by ... your children.’
“This language is clear and unequivocal and excludes coverage to the Defendants under the policy issued by the Plaintiff herein.
“The Defendants claim coverage pursuant to the Definitions section of the policy which states in pertinent part:
“ ‘ “You” and “your” refer to “the named insured” shown in the Declarations and the spouse and any dependent children if a resident of the same household.’
“The Defendants claim this definition shows an intent to exclude only dependent children under the policy. An opposite intent is clearly shown in Exclusion No. 11 of the policy whereby FLORIDA FARM BUREAU CASUALTY INSURANCE COMPANY excludes coverage: “ ‘For bodily injuries sustained by:
“‘a. You.
“ ‘b. Your spouse.
“ ‘c. Your children.
“ ‘d. A member of your household if that person is related by blood, marriage, foster relationship, or adoption, or the person for whose use of the automobile the insured is legally responsible.’
“If FLORIDA FARM BUREAU CASUALTY INSURANCE COMPANY was attempting to exclude coverage for only the named insured, spouses and resident dependent children, as the Defendants suggest, FLORIDA FARM BUREAU CASUALTY INSURANCE COMPANY would only have had to include the words ‘you’ and ‘your’ within Exclusion No. 11, however, as recited above, they intended the exclusion to be much broader than the definitional section and a clear manifestation of that intent is evident from the clear and unambiguous language contained in Exclusion No. 11.”
We agree with the trial court’s construction of the policy and affirm its ruling.
Affirmed.